OPINION
{¶ 1} Defendant-appellant, William Dempsey, appeals his conviction in Brown County Court for misdemeanor assault. We affirm appellant's conviction.
 {¶ 2} On August 5, 2001, appellant was involved in a physical altercation with Christine Mullis ("Ms. Mullis") and her fifteen-year-old daughter, Susie Mullis ("Susie"). Appellant had been hired by Brown County Job and Family Services to pour a concrete pad for the Mullis' mobile home. Ms. Mullis was upset because, according to her, appellant had not completed the job. Ms. Mullis and Susie confronted appellant while he was working at a residence near the Mullis' home. An argument ensued. According to Ms. Mullis and her daughter, appellant shoved Ms. Mullis in the neck. A Brown County deputy sheriff soon arrived and arrested appellant.
 {¶ 3} In August 2001, a complaint was filed in Brown County Court charging appellant with assault in violation of R.C. 2903.13, a first-degree misdemeanor. Appellant was convicted in a bench trial in December 2001. Appellant now appeals his conviction, raising one error as follows:
 {¶ 4} "The trial court erred in entering a find [sic] of guilty because such verdict was against the manifest weight of the evidence."
 {¶ 5} Under his sole assignment of error, appellant argues that "the evidence presented at trial failed to attain the high degree of probative force and certainty required of a criminal conviction and the verdict of guilty was against the manifest weight of the evidence."
 {¶ 6} To determine if a conviction is against the manifest weight of the evidence, an appellate court is to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction. Id. In addition, the reviewing court must be aware that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given to the evidence presented. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus; State v. Stair, Warren App. No. CA2001-03-017, 2002-Ohio-18.
 {¶ 7} Appellant was convicted of assault in violation of R.C.2903.13(A), which provides as follows: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 8} Five witnesses testified at appellant's bench trial: a deputy sheriff, Ms. Mullis, Susie, appellant, and appellant's stepson. Tim Whyte, a Brown County deputy sheriff, was the state's first witness. Deputy Whyte testified that when he arrived at the scene he noticed red marks "in the neck/throat area" of Ms. Mullis. After speaking with Ms. Mullis, he arrested appellant for assault.
 {¶ 9} Ms. Mullis testified that she and appellant were arguing about the work he had done on her property. She then testified as follows: "[H]e shoved me in the neck. He grabbed, pushed me right in the neck." According to Ms. Mullis, Susie then began to yell at appellant. Appellant then shoved Susie who responded by striking him in the face with her fist. Ms. Mullis testified that appellant then kicked Susie in the back of the leg. According to Ms. Mullis, appellant and another man also threw rocks at her and Susie as they were leaving.
 {¶ 10} Susie also testified that appellant and Ms. Mullis were arguing about the work appellant had done on their property. She then stated the following: "[H]e took his hand and he pushed her against her throat and pushed her backwards. He was still cussing at her." She testified that she then started yelling at appellant. Appellant then kicked her in the leg and she punched him in the face. She also testified that appellant threw rocks at her and Ms. Mullis as they were leaving.
 {¶ 11} Brian Sieg, appellant's stepson, testified that he was present during the altercation. He testified that Ms. Mullis was "ranting and raving and screaming like a lunatic" when she confronted appellant. He stated that Ms. Mullis "kicked [appellant] in the butt" and that Susie "hit [appellant] in the head." According to Sieg, he stepped between appellant and Ms. Mullis. Ms. Mullis then left with Susie. He testified that appellant did not push or shove anyone, but "just walked off." He also testified that appellant did not throw rocks at anyone.
 {¶ 12} Appellant testified that during his argument with Ms. Mullis, she kicked him in the butt and Susie hit him in the head. He testified that he did not strike Ms. Mullis or Susie, but simply walked away and called the police. He also testified that he did not throw rocks at anyone.
 {¶ 13} After reviewing the entire record, we find that appellant's conviction for assault was not against the manifest weight of the evidence. Both Ms. Mullis and Susie testified that appellant, in the midst of a heated argument with Ms. Mullis, shoved her in the neck area. Based on their testimony, a reasonable trier of fact could find that appellant knowingly caused or attempted to cause physical harm to Ms. Mullis in violation of R.C. 2903.13(A). Deputy Whyte's testimony that he observed red marks in Ms. Mullis' neck/throat area lends credence to the testimony of Ms. Mullis and Susie. His testimony also casts doubt on the testimony of appellant and his stepson that appellant did not touch Ms. Mullis or Susie.
 {¶ 14} We cannot say that the fact-finder clearly lost its way and created a manifest miscarriage of justice, or that the evidence weighs strongly against appellant's conviction. The outcome of the case hinged on the credibility of the witnesses who testified. The trial court was in the best position to judge the witnesses' credibility. Accordingly, we overrule appellant's sole assignment of error.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.